IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-CR-297-BR-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| WILLIAM ANTHONY CARRINGTON, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court yesterday, 18 November 2013, for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an investigator with the Wake County Sheriff's Office assigned to a task force of the Bureau of Alcohol, Tobacco, Firearms and Explosives. Defendant presented the testimony of the proposed third-party custodian, a cousin of defendant. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged in a two-count indictment on 24 October 2013 with: possession of marijuana in violation of 21 U.S.C. § 844(a) (ct. 1); and possession of a firearm by a convicted

felon in violation of 18 U.S.C. §§ 922 (g)(1) and 924 (ct. 2). The alleged offense date in each count is 18 April 2013.

The evidence presented at the hearing showed that the charges arise from an attempted traffic stop of defendant by an Apex police officer for failure to restrain the child who was riding in the front passenger seat, who apparently five years old. Defendant fled from the officer, but eventually stopped at a nearby hospital where his girlfriend and mother of the child passenger was apparently a patient. Defendant was found to have six baggies containing marijuana in one of his socks. He had previously been convicted of a crime punishable by imprisonment for more than one year, a drug felony. He was also under state probation for a felony drug conviction.

On 19 April 2013, an officer was reviewing recorded telephone calls by defendant while he was in jail after his arrest. In a call with his girlfriend, defendant asked her to the effect "Did you do that?" or "Did you get that?" She responded to the effect that police were in front of the hospital. The officer reviewing the tape interpreted defendant to be discussing a firearm. On 30 April 2013, defendant confessed to the state probation officer who was supervising him that he fled the Apex officer to avoid a gun charge and threw a 9 millimeter pistol out of his vehicle when travelling in front of the hospital. On 4 May 2013, a juvenile found a 9 millimeter Ruger pistol in an area in front of the hospital consistent with where defendant confessed he had thrown his pistol. The pistol recovered had been stolen.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the gun- and drug-related nature of the offenses charged; the circumstances of the offenses charged, including the presence of a minor in the vehicle,

defendant's flight from the investigating officer, and his discarding of the firearm in an irresponsible manner; defendant's criminal record, including 3 felony convictions, 15 misdemeanor convictions, 2 probation revocations (albeit possibly based on the same conduct), commission of 5 offenses while on probation or pretrial release, multiple incarcerations without any cessation of criminal conduct, and several failures to appear; the danger of continued drug- and gun-related offense conduct by defendant if released; defendant's substance abuse; the unsuitability of the proposed third-party custodial arrangement due to the presence of a minor in the proposed custodial home and the extent of the risk of flight and danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 19th day of November 2013.

James E. Gates
United States Magistrate Judge

3
Case 5:13-cr-00297-BR   Document 18   Filed 11/19/13   Page 3 of 3